IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sonoko Tagami | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| -vs- | )  (jury demand) |
| | ) |
| City of Chicago, City of Chicago | ) |
| Department of Administrative | ) |
| Hearings, and Chicago Police | ) |
| Officer Ramona Stovall, #11157 | ) |
| | ) |
| *Defendants* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Defendant City of Chicago is an Illinois municipal corporation. Defendant City of Chicago Department of Administrative Hearings is an agency of the City of Chicago joined in this action in compliance with 735 ILCS 5/3-107.

3. All of the events described in this complaint occurred within the Northern District of Illinois.

4. Plaintiff is a supporter of "GoTopless," a not-for-profit 501(c)(3) organization that advocates for the right of women to appear bare-chested in public.

5. One of the activities of "GoTopless" is "GoTopless Day," an annual event held at sites around the world. Female participants in "GoTopless Day" appear in public with their breasts uncovered in municipalities where local laws allow it; in other areas, female participants in the event seek to cover their breasts in the manner required by local law.

6. The State of Illinois in 720 ILCS 5/11-30 expressly authorizes women to appear in public with bare breasts while breastfeeding and does not otherwise prohibit a woman from failing to cover her breasts unless it is "done with intent to arouse or to satisfy [her] sexual desire."

7. The City of Chicago seeks to regulate the display of a woman's breasts in Section 8-8-080 of the Municipal Code of the City of Chicago. At all times relevant, this ordinance has provided as follows:

> Any person who shall appear, bathe, sunbathe, walk or be in any public park, playground, beach or the waters adjacent thereto, or any school facility and the area adjacent thereto, or any municipal building and the areas adjacent thereto, or any public way within the City of Chicago in such a manner that the genitals, vulva, pubis, pubic hair, buttocks, perineum, anus, anal region, or pubic hair region of any person, or any portion of the breast at or below the upper edge of the areola

thereof of any female person, is exposed to public view or is not covered by an opaque covering, shall be fined not less than $100.00 nor more than $500.00 for each offense.

8. Plaintiff and other women participated in "GoTopless Day" events from 2010 to 2013 in the City of Chicago using opaque body paint to comply with the ordinance while expressing their views that women, like men, should not be prohibited from appearing bare-chested in public.

9. Chicago police officers were aware of this use of opaque body paint and did not take any action to prevent plaintiff and other women from expressing their views.

10. Plaintiff participated in the "GoTopless Day" event in the City of Chicago on August 24, 2014, and again sought to comply with the Chicago ordinance by using opaque body paint. An image of plaintiff during the event, which may be considered "not safe for work," is available at http://gotopless.org/news.php?extend.118 (visited November 10, 2014).

11. While plaintiff was engaged in protected expressive activity protesting the existence of laws that prevented women from appearing bare-chested in public, Chicago Police Officer Ramona Stovall ordered plaintiff to discontinue her protest lest she be subjected to a full custodial arrest.

12. Plaintiff complied with Officer Stovall's order and discontinued her protected expressive activity.

13. Thereafter, defendant Stovall issued a notice of ordinance violation, charging plaintiff with committing the municipal offense of Indecent Exposure or Dress.

14. As applied to plaintiff's protected expressive activity, Section 8-8-80 of the Municipal Code of the City of Chicago is impermissibly vague and is an unconstitutional infringement on rights secured by the First and Fourteenth Amendments to the Constitution of the United States.

15. The ordinances of the City of Chicago do not prohibit bare chested males from appearing in public; Section 8-8-80 of the Municipal Code of the City of Chicago prohibits a women exposing to public view "any portion of the breast at or below the upper edge of the areola … [that] is not covered by an opaque covering." This uneven treatment of men and women is an arbitrary classification prohibited by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

16. In addition to issuing a notice of ordinance violation, defendant Stovall seized from plaintiff a "Go Topless Day Protest Flyer" as evidence of plaintiff's wrongdoing.

17. Defendant Stovall did not have a warrant to seize the pamphlet and could not have reasonably believed that the document was evidence of indecent exposure.

18. By seizing the pamphlet, Stovall deprived plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

19. On October 10, 2014, Plaintiff appeared at a hearing before an Administrative Law Judge of the City of Chicago Department of Administrative Hearings.

20. The Administrative Law Judge of the City of Chicago Department of Administrative Hearings did not have the authority to pass upon the constitutionality, either on its face or as applied, of Chicago Municipal Code 8-8-80 and could therefore not consider plaintiff's defense.

21. The Administrative Law Judge found plaintiff liable for having violated Chicago Municipal Code 8-8-80, and ordered her to pay a one hundred dollar penalty and fifty dollars in administrative costs. A copy of the Findings, Decisions & Order is attached to this complaint.

22. The decision of the Chicago Department of Administrative Hearings finding plaintiff "liable" is arbitrary, unreasonable, against the

manifest weight of the evidence, and was entered pursuant to the unconstitutional application to plaintiff of an unconstitutional ordinance.

23. Plaintiff therefore requests the Court, on her supplemental state claim of administrative review, to reverse the decision of the Chicago Department of Administrative Hearings.

24. Plaintiff hereby demands trial by jury on her federal claims.

WHEREFORE plaintiff requests that the Court enter a declaratory judgment that Municipal Code 8-8-80 is facially unconstitutional, that the Court award appropriate compensatory damages against defendants City of Chicago and Stovall, and that the Court reverse the order of the Department of Administrative Hearings.

/s/ Joel A. Flaxman
JOEL A. FLAXMAN
ARDC NO. 6292818
Kenneth N. Flaxman
Kenneth N. Flaxman P.C.
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
jaf@kenlaw.com
*Attorneys for Plaintiff*