UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONOKO TAGAMI, ) | |
| Plaintiff, ) | |
| ) | Case No. 14 cv 9074 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, CITY OF CHICAGO ) | |
| DEPARTMENT OF ADMINISTRATIVE ) | |
| HEARINGS, and CHICAGO POLICE ) | |
| OFFICER RAMONA STOVALL, #11157, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sonoko Tagami filed her complaint against defendants City of Chicago (the "City"), City of Chicago Department of Administrative Hearings ("DAH"), and Chicago Police Officer Ramona Stovall on November 12, 2014. Defendants now move to dismiss her complaint [10]. For the reasons that follow, defendants' motion is granted in part and denied in part.

**Background**

Tagami alleges that on August 24, 2014, she participated in "GoTopless Day" organized by "GoTopless," a non-profit organization that advocates for the right of women to appear bare-chested in public. GoTopless Day occurs at sites around the world and Tagami participated in the event from 2010 to 2013. On August 24, Tagami was wearing opaque body paint and "protesting the existence of laws that prevented women from appearing bare-chested in public" when Stovall ordered her to end her protest or be subject to arrest. (Dkt. 1, ¶ 11). Tagami stopped protesting. Stovall cited Tagami with violating Municipal Code of Chicago § 8-8-080 (the "Ordinance"), which prohibits indecent exposure. The Ordinance provides:

> Any person who shall appear, bathe, sunbathe, walk or be in any public park, playground, beach or the waters adjacent thereto, or any school facility and the area

1

adjacent thereto, or any municipal building and the areas adjacent thereto, or any public way within the City of Chicago in such a manner that the genitals, vulva, pubis, pubic hair, buttocks, perineum, anus, anal region, or pubic hair region of any person, or any portion of the breast at or below the upper edge of the areola thereof of any female person, is exposed to public view or is not covered by an opaque covering, shall be fined not less than $100.00 nor more than $500.00 for each offense.

Municipal Code of Chicago § 8-8-080.

According to Tagami, Stovall also "seized" Tagami's GoTopless Day protest flyer as "evidence" of Tagami's violation of the Ordinance. (Dkt 1, ¶¶ 16.) Stovall took possession of a flyer that contained information about GoTopless Day. Although Tagami alleges that Stovall "could not have reasonably believed that the [flyer] was evidence of indecent exposure[,]" no details are provided about whether the GoTopless Day participants handed out fliers to promote their cause. On October 10, 2014, an administrative law judge of DAH found Tagami liable for violating the Ordinance and ordered her to pay a $100 penalty and $50 in administrative costs.

Tagami brought this complaint pursuant to 42 U.S.C. § 1983 alleging that, as applied to her "expressive activity," the Ordinance is impermissibly vague[1] and unconstitutionally infringes on her First Amendment and Fourteenth Amendment rights. (Dkt.1, ¶ 14.) She also asserts that the Ordinance does not prohibit bare-chested males from appearing in public, and therefore treats men and women as "an arbitrary classification prohibited by the Equal Protection Clause of the Fourteenth Amendment[.]" (*Id.* at ¶ 15.) Tagami further claims that Stovall violated her rights secured by the First, Fourth, and Fourteenth Amendments when Stovall seized her flyer. (Dkt. 1, ¶ 16.) Finally, she contends that DAH's finding that Tagami is liable for violating the Ordinance is

---

[1] Tagami clarifies in her response that she is not stating a claim that the Ordinance is unconstitutionally vague. (Dkt. 16, FN 7.) Accordingly, vagueness is not at issue.

2

"arbitrary, unreasonable, against the manifest weight of the evidence, and was entered pursuant to an unconstitutional application to plaintiff of an unconstitutional ordinance." She asks the Court to reverse the administrative decision. Defendants move to dismiss Tagami's complaint for failure to state a claim upon which relief can be granted.

**Legal Standard**

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

**Discussion**

*1. First Amendment Freedom of Expression Claim*

Defendants argue that Tagami's First Amendment claim fails because her actions are not protected expression and that, even if Tagami's expression is deemed to be protected activity, the Ordinance nevertheless passes the test set forth in *United States v. O'Brien*, 391 U.S. 367 (1968) ("*O'Brien* test").

The First Amendment protects the expression of ideas through both written and spoken words and through symbolic speech, which is "nonverbal activity … sufficiently imbued with elements of communication." *Spence v. Washington*, 418 U.S. 405, 409 (1974). Conduct constitutes "symbolic speech" when (1) the conduct demonstrates "[a]n intent to convey a particularized

3

message[,] and (2) there is a great likelihood that "the message would be understood by those who viewed [the conduct]." *Id.* Since "[b]eing 'in a state of nudity' is not an inherently expressive condition" (*City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000)), the Court must first determine whether Tagami engaged in expressive conduct when she appeared in public wearing opaque body paint covering her otherwise bare chest during a GoTopless Day event.

When analyzing the likelihood that those who view the alleged symbolic speech will understand the message, courts consider the circumstances surrounding the conduct at issue. *See e.g., Spence*, 418 U.S. at 411 (explaining that the timing of conduct, during or around "issues of great public moment," may transform "otherwise bizarre behavior" into conduct that most citizens would understand). Here, Tagami alleges that she and other women around the world annually protest the legal prohibition of women appearing in public bare-chested by actually appearing bare-chested in public, though wearing opaque body paint. She alleges that participants' intent is to convey the message that women, like men, should be allowed to appear bare-chested in public and the act of appearing so protests this prohibition. Based on these allegations, the Court finds that Tagami sufficiently alleges that, within the context of a GoTopless event, she engaged in expressive conduct protected by the First Amendment.

The Court next addresses whether Tagami sufficiently pleaded that the Ordinance violates her First Amendment right to freedom of expression. Public nudity laws such as the one at issue have consistently been deemed content-neutral statutes that regulate conduct and not expression. *See e.g., City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000) (plurality opinion), *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 566 (1991) (plurality opinion), *Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix*, 779 F.3d 706, 711 (7th Cir. 2015). Such regulations are evaluated under the test set forth in *United States v. O'Brien*, 391 U.S. 367 (1968); *see also Foxxxy Ladyz*, 779 F.3d at 711. "Under the *O'Brien* test, a regulation of public nudity will be upheld if (1) the regulation is within the constitutional power of

4

the government; (2) the regulation furthers an important or substantial governmental interest; (3) the governmental interest is unrelated to the suppression of free expression; and (4) the restriction on alleged First Amendment freedoms is no greater than essential to further the government's interest." *Foxxxy Ladyz*, 779 F.3d at 712; *citing O'Brien*, 391 U.S. at 377.

The parties only dispute the second prong: whether the Ordinance furthers an important or substantial governmental interest. The Ordinance contains no statement of its justification and defendants fail to present any evidence of the City's justification for passing the Ordinance. Authority cited by defendants involved ordinances with an expressly included statement of governmental interest, unlike the Ordinance at issue here. *See Hightower v. City and County of San Francisco*, No. C-12-5841 EMC, 2014 WL 7336677, *9, 2014 U.S. Dist. LEXIS 177340, *24-25 (N.D.Cal. Dec. 24, 2014) (finding that the defendants identified multiple substantial interests relating to the health, safety, and morals of the public, supported by findings of the Board of Supervisors related to "public safety hazards" and invasion of privacy); and *Bush v. City of San Diego*, NO. 10CV1188-LAB (RBB), 2010 WL 2465034, *3, 2010 U.S. Dist. LEXIS 57922, *8 (S.D.Cal. June 11, 2010) (the text of the anti-nudity ordinance identified two substantial government interests: " preventing offense to those unwillingly exposed to nudity *and* promoting the public health, morals, and general welfare").

As the Seventh Circuit held in *Foxxxy Ladyz*, the City must provide some evidentiary support for its contention that "the Ordinance furthers the City's substantial interest in health and safety and in protecting unwilling audiences from exposure to nudity." (Dkt. 12, at pg. 7.) The City must "produce some specific, tangible evidence establishing a link between the regulated activity and harmful secondary effects." *Foxxxy Ladyz*, 779 F.3d at 715; *see also Annex Books, Inc. v. City of Indianapolis, Ind.*, 581 F.3d 460, 465 (7th Cir. 2009). Defendants argue, however, that the holding in *Foxxxy Ladyz* only applies in the context of adult entertainment venues. *See Foxxxy Ladyz*, 779 F.3d

5

at 714. While *Foxxxy Ladyz* addressed adult entertainment venues, this does not change the fact that the City has not put forth any evidence to show that its "predominant purpose … was to combat the harmful secondary effects of public nudity." *Schultz v. City of Cumberland*, 228 F.3d 831, 842 (7th Cir. 2000); *see also Foxxxy Ladyz,* 779 F.3d at 715 ("In the wake of *Alameda Books*, our court has been consistent in requiring that a regulating body produce some specific, tangible evidence establishing a link between the regulated activity and harmful secondary effects."). Accordingly, this Court finds Tagami sufficiently alleges a First Amendment claim in order to proceed.

*2. Fourteenth Amendment Equal Protection Claim*

Defendants argue that Tagami fails to allege an equal protection violation where the Ordinance does not impose an invidious classification that constrains women's economic opportunity or that perpetuates social inferiority. The Court finds that Tagami's equal protection claim fails because, while the Ordinance permits men but not women to appear bare-chested in public, Tagami fails to allege how this distinction places "artificial constraints" on a woman's opportunity, or how the Ordiance is used to "create or perpetuate the legal, social, and economic inferiority of women." *U.S. v. Virginia*, 518 U.S. 515, 533-34 (1996); *see also Michael M. v. Superior Ct. of Sonoma Cnty.*, 450 U.S. 464, 469 (1981) (plurality opinion). Thus, defendants' motion to dismiss this claim is granted without prejudice.

*3. Seizure of the Flyer*

According to Tagami, Stovall seized the flyer as evidence of Tagami's wrongdoing. Tagami argues that because Stovall did not have a warrant to seize the flyer and could not have reasonably believed the flyer was evidence of Tagami's indecent exposure, Stovall infringed Tagami's First, Fourth, and Fourteenth Amendment rights. Her complaint, however, fails to allege any facts that support her contentions of multiple constitutional amendment violations. She also provides no reasoning or legal basis in her response to defendants' motion to dismiss that support her claims

against Stovall. The Court finds that she failed to state a claim upon which relief can be granted as to her First, Fourth, and Fourteenth Amendment claims and grants defendants' motion as to this claim without prejudice.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part defendants' motion to dismiss. Tagami has 14 days to file an amended complaint consistent with this opinion.

IT IS SO ORDERED.

Date: July 10, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge