# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SONOKO TAGAMI, | ) |
| Plaintiff, | ) |
| | ) Case No. 14 cv 9074 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO and CITY OF CHICAGO DEPARTMENT OF ADMINISTRATIVE HEARINGS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 10, 2015, this Court granted in part and denied in part a motion to dismiss filed by defendants, City of Chicago and the City of Chicago Department of Administrative Hearings (collectively "the City"). Plaintiff Sonoko Tagami filed a three Count Amended Complaint, which the City now moves to dismiss [27]. For the reasons stated herein, this Court grants the motion.

**Background**

Tagami alleges that on August 24, 2014, she participated in "GoTopless Day" organized by "GoTopless," a non-profit organization that advocates for the right of women to appear bare-chested in public. During the event, Tagami alleges that she attempted to comply with Municipal Code of Chicago § 8-8-080 (the "Ordinance"), which prohibits certain forms of public nudity, by applying opaque body paint. (Dkt. 26 at ¶ 24). She was ordered to end her protest or be subject to arrest. (*Id.* at ¶ 25). Tagami complied with Chicago Police Officer Romona Stovall's request. Officer Stovall issued a notice of ordinance violation, charging plaintiff with committing the municipal offense of Indecent Exposure or Dress. (*Id* at ¶ 27). The Ordinance provides:

> Any person who shall appear, bathe, sunbathe, walk or be in any public park, playground, beach or the waters adjacent thereto, or any school facility and the area adjacent thereto, or any municipal building and the areas adjacent thereto, or any

1

> public way within the City of Chicago in such a manner that the genitals, vulva, pubis, pubic hair, buttocks, perineum, anus, anal region, or pubic hair region of any person, or any portion of the breast at or below the upper edge of the areola thereof of any female person, is exposed to public view or is not covered by an opaque covering, shall be fined not less than $100.00 nor more than $500.00 for each offense. Municipal Code of Chicago § 8-8-080.

On October 10, 2014, an administrative law judge ("ALJ") of the City's Department of Administrative Hearings found Tagami liable for violating the Ordinance. (*Id.* at ¶ 28, 30). She was ordered to pay a $100 penalty and $50 in administrative costs. (*Id.* at ¶ 30).

Tagami filed the instant lawsuit alleging that the Ordinance violates her First Amendment right to Freedom of Expression, that the Ordinance violates Equal Protection by creating a sex-based classification, that Officer Stovall violated her constitutional rights by seizing her flyer, and that the administrative decision was arbitrary and against the manifest weight of the evidence. The City moved to dismiss the original Complaint for failure to state a claim. This Court granted the motion with respect to the Equal Protection claim and the Fourth Amendment claim, and denied the motion with respect to the First Amendment Freedom of Expression claim. The Court's Opinion Memorandum and Order was silent on the administrative review claim. (Dkt. 24). Tagami's Amended Complaint, reasserts her Freedom of Expression claim, Equal Protection claim, and administrative review claim. (Dkt. 26).

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.* The Court draws all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

2

**Discussion**

The City moves to dismiss the constitutional claims in the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and asks this Court to decline jurisdiction over the state law claim for administrative review. The City elected to move to dismiss the Amended Complaint rather than file a motion to reconsider the partial denial of its motion to dismiss the Original Complaint. Nevertheless, the Court will treat the motion with respect to the First Amendment Freedom of Expression claim as one for reconsideration.

Under Federal Rule of Civil Procedure 54(b), a district court has inherent authority to reconsider its own orders entered prior to final judgment. *See Saunders v. City of Chi.*, No. 12-CV-09158, 2015 U.S. Dist. LEXIS 154989, 2015 WL 7251938, at *2-3 (N.D. Ill. Nov. 17, 2015). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). Here, as part of their motion to dismiss, the City asserts that this Court failed to sufficiently analyze the second prong of *Spence v. Washington*, which requires facts showing that "in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." 418 U.S. 405, 410-11 (1974). The City also argues that the Court erred by applying the secondary effects doctrine as set forth in *Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix*, 779 F.3d 706, 711 (7th Cir. 2015). Upon review of this Court's prior ruling as well as the relevant cases, this Court finds that it bent over backwards to adhere to the low standard of notice pleading when considering whether Tagami's purported message would be understood. However, as the United States Supreme Court has held public nudity is not inherently expressive. *See City of Erie v. Paps A.M.*, 529 U.S. 277, 299 (2000). This Court was remiss when it considered the verbally communicated message in its consideration of the circumstances. *See*

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 66 (U.S. 2006) (holding that if the expressive component of an action is not created by the conduct itself but by the speech that accompanies it, then it is unlikely expressive conduct protected by the First Amendment).

Upon further reflection, the cases that this Court relied on in its prior ruling, including *Foxxxy Ladyz* and, *Schultz v. City of Cumberland*, 228 F.3d 831, 842 (7th Cir. 2000), are distinguishable from the case at hand because those cases specifically addressed nude dancing in private venues where the governmental concern was the "secondary effects" that could result from such venues. That is not the situation here. Accordingly, this Court finds that Tagami's claim under the First Amendment fails as a matter of law.

Next, the Court considers whether the Amended Complaint adequately states an equal protection claim under the Fourteenth Amendment. As this Court previously found, Tagami's equal protection claim fails because the Complaint did not contain sufficient allegations showing how the Ordinance places "artificial constraints" on women or how it is used to "create or perpetuate the legal, social, and economic inferiority of women." *United States v. Virginia*, 518 U.S. 515, 533-34 (1996). The Amended Complaint does not cure this defect. The Amended Complaint contains only conclusory allegations such as: "creates an artificial constraint that embodies and perpetuates an assumption of inferiority: that the sight of a female's breast is offensive in a way that the sight of a male's breast is not." (Dkt. 26 at ¶ 39). However, Tagami does not support these allegations with factual support to survive dismissal under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Having dismissed Tagami's constitutional claims in which this Court has original jurisdiction, this Court declines to exercise jurisdiction over Tagami's state law claim for administrative review of the ALJ's decision to impose a fine for Tagami's violation of the Ordinance. *See* 28 U.S.C. § 1367(c).

**Conclusion**

Based on the foregoing discussion, this Court grants the City's Motion to Dismiss [27]. Civil case terminated.

IT IS SO ORDERED.

Date: February 1, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge